UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **Judith Feliciano** | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. : 6:17-CV-00025 |
| | § § | |
| **Prudential Insurance Company of America** | § § § § § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Judith Feliciano, Plaintiff herein, complaining of Prudential Insurance Company of America, (hereinafter referred to as "Prudential"), and for cause of action would show:

1. Plaintiff is a resident of Waco, McLennan County, Texas.

2. Defendant, Prudential Insurance Company of America, is an insurance corporation duly and legally formed under the laws of the state of New Jersey, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3. Jurisdiction is appropriate in this court as the matter in controversy arises between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

4. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant, Prudential, set forth herein have been performed or have occurred.

5. By virtue of her employment as a police officer with the City of Waco, Plaintiff was eligible for disability benefits with Prudential.

6. Plaintiff entered into a contract with Prudential. Prudential promised to pay benefits under a policy entitled "Long Term Disability Policy" in exchange for premiums paid by Plaintiff.

7. Plaintiff was seriously injured on the job in April, 2012. A fellow police officer fell while scaling a fence and landed on Plaintiff's head. Plaintiff underwent a cervical discectomy and fusion in October, 2013 and a decompressive laminectomy, facetectomy and fusion at L4-L5 in November, 2014. She continues to suffer spondylosis at C5-C6 and C6-C7 and debilitating back pain. She filed a claim for benefits in October, 2012.

8. Prudential approved Plaintiff's long term disability benefits beginning October 1, 2012, but subsequently denied them effective September 25, 2015. Prudential contends Plaintiff did not meet the definition of disability under the plan after that date.

9. Plaintiff filed an appeal of Prudential's discontinuation of her benefits on October 28, 2016 and was wrongfully denied on December 7, 2016. Plaintiff has exhausted her administrative remedies.

10. Defendant Prudential breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under her policy, Defendant wrongfully and with malice discontinued benefits which should have been covered.

11. Plaintiff's long term disability contract provides benefits to Plaintiff to age 67 so long as Plaintiff continues to be disabled. Assuming a maximum gross monthly benefit of $2,649.92 and an $18,221.47 pension distribution amortized as a benefit offset of $93.53 per month, Plaintiff's past due long term benefits to date total $40,173.84. Future benefits for the period

January 16, 2017 to December 16, 2031 total $457,765.88. All told, Plaintiff is owed $497,939.72 in past and future disability benefits.

12. In addition to breaching its contract of insurance, Defendant violated certain provisions of the Texas Insurance Code. Defendant engaged in unfair, deceptive acts, and made material misrepresentations to Plaintiff about the terms of the contract and the benefits payable under the contract. As a result of Defendant's conduct, Plaintiff was compelled to hire an attorney and institute this law suit.

   A. Section 541.060 (a)(2)(A) – Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability was clear.

   B. Section 541.060 (a)(7) – Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim.

13. All of the above violations fall under Subchapter B of the Texas Insurance Code defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages plus treble damages, plus attorney's fees, and interest. Tex. Ins. Code § 541.152.

14. Defendant engaged in unfair claim settlement practices as defined under the Texas Insurance Code.

   A. Section 542.003 (b)(3) – Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

    B.    Section 542.003 (b)(4) – Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

    C.    Section 542.003 (b)(5) – Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

15. All of the above violations fall under Subchapter 542 of the Texas Insurance Code and are defined to be unfair claim settlement practices. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages, plus attorney's fees, and interest at a rate of 18%. Tex. Ins. Code § 542.060.

16. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power afforded under § 37.001 et. Seq. of the Texas Civil Practice and Remedies Code, and declare the specific rights and status of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy.

17. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees which are equitable and just under § 37.009 of the Texas Civil Practice and Remedies Code, § 38.001 of the Texas Civil Practice and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code.

18.     Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein and answer, and that Plaintiff recover her damages, statutory additional damages, treble damages, exemplary damages, reasonable attorney's fees, and costs incurred in prosecuting this lawsuit as well as pre- and post-judgment interest at the highest lawful rates, costs of court, clarification of his right to receive future benefits under the policy, and for such other general relief to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____
GREG REED
State Bar No. 16677750